144 July 1, 2026 No. 607

**This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).**

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LEONARD HOWARD JONES,
aka Leonard Howard Jones III,
*Defendant-Appellant.*

Jackson County Circuit Court
16CR74100; A186453

Christine Herbert, Judge.

Submitted May 8, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kyle Krohn, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Carson L. Whitehead, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.*

EGAN, J.

Affirmed.

_____
\* Determined by a two-judge department as authorized by ORS 2.570(2)(b).

**EGAN, J.**

Defendant appeals a judgment of conviction for one count of felon in possession of a firearm, ORS 166.270. On appeal, in his only assignment of error, defendant contends that the trial court "erred when it denied defendant's demurrer and motion to dismiss." Specifically, defendant contends that, as applied here, Oregon's felon-in-possession statute, ORS 166.270, violates Article I, section 27, of the Oregon Constitution and the Second Amendment to the United States Constitution. We affirm.

Defendant contends ORS 166.270 is unconstitutional as applied to him because, "[a]t most, the historical tradition of both [the United States and Oregon] constitutions might support limited disarmament of persons with violent felonies," but here, "the state prosecuted defendant for having unlawfully possessed a firearm while having only a prior, nonviolent felony conviction: violating Georgia's Controlled Substances Act (possessing cocaine)."

Defendant acknowledges that *State v. Parras*, 326 Or App 246, 531 P3d 711 (2023), *rev dismissed as improvidently allowed*, 373 Or 284 (2025), and *State v. Shelnutt*, 309 Or App 474, 483 P3d 53, *rev den*, 368 Or 206 (2021), "if correctly reasoned and decided, foreclose his arguments under both constitutions." He argues, however, that those cases are "wrongly decided because they failed to address the controlling issues adequately, did not consider all the arguments presented herein, and did not have the benefit of recent changes in the law surrounding the right to bear arms."

Having considered the parties' arguments and our precedent, we agree that defendant's constitutional challenges are foreclosed by *Parras* and *Shelnutt*, and we are not persuaded that our decisions in *Parras* or *Shelnutt* are "plainly wrong." That standard is a "rigorous" one that, in our view, defendant has not satisfied. *See State v. Civil*, 283 Or App 395, 417, 388 P3d 1185 (2017) (holding "due regard for *stare decisis* and our predecessors' collegial commitment demands that 'plainly wrong' be a rigorous standard, satisfied only in exceptional circumstances").

Affirmed.